MARGARET MAY, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF PHILIP MAY, PLAINTIFF, v. HENRY McDONALD AND HAROLD SMITH, DEFENDANTS.

Decided April 19, 1929.

Before Justices Trenchard, Kalisch and Lloyd.

For the rule, *Hobart & Minard.*

*Contra, Patrick J. O'Connell (Alfred Brenner,* of counsel).

Per Curiam.

The instant case comes before us on a second rule to show cause allowed to the defendant Henry McDonald, why the verdict rendered at the Morris Circuit in favor of the plaintiff, and against the defendant for $20,000, should not be set aside and a new trial ordered. Under the former rule the verdict was set aside and a new trial ordered.

The new trial resulted in a second verdict for the plaintiff, as above indicated, and it is now sought by the defendant McDonald to have the verdict set aside, the chief ground being that the verdict is against the clear weight of the evidence.

The plaintiff's decedent met instant death, resulting from a collision between the latter's motorcycle, which he was operating on Pompton road, a public highway, with an auto truck which the defendants' servant was propelling along the same highway.

It appears from the printed record that on the second trial of the case there were additional witnesses on behalf of the

plaintiff, and a reading and consideration of the entire testimony leads us to the conclusion that the questions as to the alleged negligence of the defendants' servant, and of the alleged negligence of the plaintiff's decedent, in that he negligently contributed to his injury and death, were purely factual ones, and were for the consideration and determination of the jury. We cannot say from the evidence before us that the verdict was against the clear weight of the evidence, to the extent that it was the product of passion, prejudice, partiality or mistake, and therefore the verdict should not be disturbed.

We find no prejudicial error in the refusal of the trial judge to charge the defendants' request.

A fair reading of the charge discloses that the trial judge instructed the jury fully as to the law applicable to the facts developed by the testimony in the cause, and he was under no legal obligation, though specially requested, to apply a legal principle which he clearly stated to the jury, to conditions of fact postulated by defendants' counsel, particularly where such conditions did not include all the circumstances which would influence the conclusion of the jury. *Consolidated Traction Co.* v. *Chenowith,* 61 *N. J. L.* 554.

Nor do we think the verdict is excessive. The plaintiff's decedent was thirty-seven years of age at the time of his death; his widow was thirty-three years of age. There were two children—Billy, thirteen, and Jean, three years of age. The deceased was a carpenter, and according to the testimony, was a steady worker, and in the enjoyment of good health. He earned on an average, $80 a week, out of which he gave his wife $60 for household expenses. At the time of the accident he was earning a hundred and twenty-five dollars a week by working overtime, out of which money he contributed $100 a week for the support of his family.

For the reasons given the rule to show cause is discharged, with costs.